UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINA CRESPO AGUNDES,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 3:16-cv-01505-BEN-JLB<br><br>**ORDER:**<br>**(1) GRANTING REPORT AND RECOMMENDATION (ECF No. 27);**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16);**<br><br>**(3) DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT (ECF No. 20); and**<br><br>**(4) REMANDING CASE FOR FURTHER PROCEEDINGS** |

  Plaintiff Rosalina Crespo Agundes filed this action seeking judicial review of the Social Security Commissioner's[1] denial of her application for disability insurance

---

[1] When Plaintiff initiated this action, Carolyn W. Colvin was serving as the Acting Commissioner of the Social Security Administration. Nancy A. Berryhill is now serving

1

benefits. Plaintiff filed a motion for summary judgment, and Defendant filed a cross-motion for summary judgment and an opposition to Plaintiff's motion.

On August 14, 2017, Magistrate Judge Andrew G. Schopler issued a thoughtful and thorough Report and Recommendation, recommending that this Court grant Plaintiff's motion, deny Defendant's motion, and remand the case so the Administrative Law Judge ("ALJ") can make specific findings on Plaintiff's language capabilities and the impact they have on her ability to work. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (holding that when an ALJ "rel[ies] on a job description in the Dictionary of Titles," the ALJ must "definitively explain" the impact of the claimant's illiteracy "on her ability to find and perform a similar job"). Objections to the Report and Recommendation were due August 28, 2017. Neither party has filed any objections.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court has considered and agrees with the Report and Recommendation. The Court **ADOPTS** the Report and Recommendation. (ECF No. 27). Plaintiff's motion for summary judgment is **GRANTED.** (ECF No. 16). Defendant's cross-motion for summary judgment is **DENIED.** (ECF No. 20). The case is **REMANDED** so the ALJ

---

as the Acting Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is automatically substituted as a party.

can make specific findings regarding Plaintiff's language capabilities and the impact they have on her ability to work.

**IT IS SO ORDERED.**

Dated: August 29, 2017

Hon. Roger T. Benitez
United States District Judge